JOHN COWER, Appellant, *v.* WALKER D. HINES, as Director-General of Railroads, Respondent.*

Third Department, March 5, 1924.

**Railroads — action for personal injuries suffered when plaintiff was struck by rear end of work train which was backing slowly — plaintiff was employed by contractor who was doing track construction work for defendant — plaintiff was injured while walking from station along track to his place of work after eating his lunch in station — plaintiff was licensee and defendant owed him no duty of active vigilance — defendant is not liable.**

An employee of a contractor who is doing track construction work for a railroad at a point a short distance from a railroad station is a mere licensee while going from the station in which he ate his dinner with other employees and walking along the railroad tracks to the place of his employment, and the railroad owes him no duty of active vigilance.

Accordingly, where an employee while thus walking along the track is struck by the rear end of a work train which was backing slowly in the direction in which the employee was walking, the railroad is not liable on the ground that it failed to warn the employee of the approach of the train by sounding the whistle or ringing the bell.

APPEAL by the plaintiff, John Cower, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 15th day of September, 1923, granting defendant's motion for a nonsuit and dismissal of the complaint and denying plaintiff's motion for judgment upon the special findings of the jury.

Mr. Justice TUTHILL, before whom the case was tried, died before

---

* Under Proclamation of President, dated March 26, 1921, and effective at noon on March 28, 1921, James C. Davis was appointed as Director-General of Railroads.   (42 U. S. Stat. at Large, 2237.)   See 30 U. S. Stat. at Large, 822, chap. 121.   See, also, *Henry* v. *New York Central R. R. Co.* (204 App. Div. 491, 492); Federal Transportation Act of 1920 (41 U. S. Stat. at Large, 461, 462), § 206, subds. h, i, as added by 42 id. 1443, chap. 233, in effect March 3, 1923.— [REP.

deciding the motions upon which decision was reserved. The motion for nonsuit was thereupon submitted by stipulation to Mr. Justice RHODES who granted the motion for the nonsuit. This was the second trial of the action. Upon the former trial Mr. Justice TUTHILL set aside a verdict for the plaintiff for $2,500 and ordered a new trial and his order was affirmed upon appeal without opinion in 198 Appellate Division, 979. Upon the second trial the jury in answering the questions submitted, found that the defendant was guilty of negligence, that the plaintiff was free from contributory negligence and fixed the amount of the plaintiff's damages at $3,000.

*Moe Goldstein,* for the appellant.

*Lewis E. Carr,* for the respondent.

HINMAN, J.:

Edward Whalen, a contractor, was engaged in constructing a second track for the Pennsylvania division of the Delaware and Hudson Company, then in the charge of the Director-General of Railroads. At the time in question here the contractor was working on this second track near the company's railroad station at Lanesboro. The plaintiff was employed by this contractor. He had assisted in the work done by Whalen in moving the station building at Lanesboro back from its original location to provide room for the new track he was constructing. On January 3, 1919, the plaintiff was doing work on the new track at a point north of the station building and at a substantial distance from that building. Th s building was a wooden structure about seventy feet long and had a door in the side toward the railroad track near the middle of the building. This building had been about eight feet from the railroad track but was moved back six and one-half feet to accommodate the second track which was being constructed, thus making the space between the station building and the track fourteen feet. To the south of the station the second track had been built and the two tracks connected by a switch directly in front of the station. About twenty feet north of the station a public traveled road crossed the then single track nearly at right angles. The plaintiff during the forenoon of January 3, 1919, had been working north of that road assisting in putting in a concrete wall in connection with the second track that was being built. When noon arrived, he went south to the station which he entered and there ate his dinner along with a number of those with whom he had been working in the forenoon. He finished his dinner about twelve-thirty and then went out of the station into the open space between it and the railroad track. All of the space between and north of the

station and the track was open and level to this public road.    It was planked from the station to the track and along it to and across the road.    Such planking extended to about two feet from the rail on the station side of the track.    The ties under the track extended out from it about eighteen inches and the planking began a few inches from the ends of the ties.    When the plaintiff came out of the station, he came upon this planking in front of the station, looked south and saw a work train standing about one hundred and fifty feet to two hundred feet south of the station, the engine being on the south end of the train, which beside the engine consisted of caboose, flat car and passenger car.    The plaintiff started for his place of work which required his crossing the track at the highway about sixty feet north of where he was.    He walked upon the plank walk to the railroad track and continued to walk along the track at a distance of about two feet from the nearest rail.    He walked toward the road and when he had reached a point near the highway, he was struck on the hip or in the back by the rear corner of the coach of the train that was slowly backing.    He was knocked down and his left arm was run over.

The main inquiry in this case is as to the duty which the defendant owed to the plaintiff at the time and place where he was injured. There was no duty owing to him as a traveler on the highway. It is conceded that he had not reached the highway and was not traveling upon it.    The court below has granted the motion for a nonsuit and dismissed the complaint upon the theory that there was no issue to go to the jury on the question whether a signal was given of the approach of the train by the sounding of a whistle or the ringing of a bell.    We do not deem it necessary to decide whether the negative testimony offered by the plaintiff on the question of whether a warning was given was sufficient to create a question of fact for the jury because we think the defendant did not, under the facts of this case, owe any such express warning to the plaintiff. The plaintiff was not there on the station property of the defendant as a prospective passenger.    He was an employee of a contractor and at the time was not engaged in doing work for the defendant at the station.    He was not at work but was going to his work, which was located a substantial distance from the station.    He had been at the station for his own convenience and not as an invitee of the defendant.    There is no claim that there was any restaurant at the station run by the defendant and to which the plaintiff had been impliedly invited.    The defendant by its silent acquiescence had permitted him and his companions to enter the station and eat their lunch under its shelter.    While in the station or upon the station property of the defendant, the latter owed him

no duty of active vigilance. The place about the station was open and the movements of the train were within the observation of any one whose duty it was to actively look out for himself. The way to the public road and to the place of the plaintiff's employment was open space and did not require that the plaintiff voluntarily place himself in a hazardous position so near the defendant's track. The only duty that the defendant owed plaintiff as a bare licensee was " a duty to abstain from injuring him either intentionally or by failing to exercise reasonable care, but it did not owe him the duty of active vigilance to see that he was not injured while upon its land merely by permission for his own convenience." (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301, 306; *Vaughan* v. *Transit Development Co.*, 222 id. 79, 83.) As was said in the latter case, the plaintiff " was entitled to no greater notice than the doing of the work itself gave of what was being done." In that case the plaintiff and other employees of another company had used a toilet room in the building of the defendant for years without objection on the part of the defendant. On the occasion in question in that case, plumbers were at work and had exposed an opening in the floor into which the plaintiff fell while going to the toilet. It was held that the plaintiff could not recover since he was a bare licensee on the premises by sufferance and it was his duty to look out for himself, to observe the changed conditions, the men at work and the opening in the floor; that he was entitled to no greater notice than the doing of the work itself gave of what was being done; that the defendant was not bound to exercise more active vigilance to protect him from injury. Upon the authority of *Vaughan* v. *Transit Development Co.* (*supra*) we think there was no proof of an omission of duty by the defendant toward this plaintiff whose duty it was while using the defendant's premises for his own convenience to actively look out for himself. There is no proof that the defendant was guilty of any wanton or intentional injury. An express warning to the plaintiff by the blowing of a whistle or the ringing of a bell would have been the exercise of active vigilance toward the plaintiff, which the law does not demand toward such a bare licensee. The motion for nonsuit was properly granted and the complaint was properly dismissed.

The order should be affirmed, with costs.

Order unanimously affirmed, with costs.